# United States Court of Appeals for the Federal Circuit

---

**LINDA S. HUBBARD,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2009-3242

---

Appeal from the Merit Systems Protection Board in PH844E090317-I-1.

---

Decided: May 27, 2010

---

PAUL VICTOR JORGENSEN, of Middletown, Maryland, argued for petitioner.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE, FRIEDMAN, and LINN, *Circuit Judges*.

FRIEDMAN, *Circuit Judge*.

The Merit Systems Protection Board ("Board") dismissed, as untimely filed, an appeal from the Office of Personnel Management ("OPM")'s denial of an application for a federal employee's disability retirement annuity benefits. We affirm.

I

Following her resignation "[f]or health related reasons" as a secretary after more than twenty years of federal service, the appellant Linda S. Hubbard applied to OPM for disability retirement. OPM denied those benefits because Hubbard had "not established that [she had] a disabling medical condition that meets the criteria for entitlement to disability retirement benefits."

OPM denied Hubbard's request for reconsideration of that decision. It stated that "we have again concluded that documentation presented does not show that you meet the eligibility requirements specified under current law and regulation." OPM's letter to Hubbard informing her of its decision concluded with the following statement:

> You have the right to appeal this decision to the Merit Systems Protection Board (MSPB). If you wish to exercise this right, please note that an appeal must be filed within 30 calendar days after the date of this decision, or 30 days after receipt of this decision, whichever is later.

OPM's letter to Hubbard was dated November 5, 2008. Her notice of appeal to the Board was dated March 5, 2009, and shows that the Board received it on that date. (She was then acting pro se, but is represented by counsel in this appeal.)

In an order dated April 9, 2009, the Board's administrative judge stated that "the appeal may be untimely."

After noting the factual issues relating to the timeliness issue and describing the governing criteria, the order concluded as follows:

> Accordingly, the appellant shall file evidence and argument demonstrating that the appeal was timely filed or that good cause exists for the delay. OPM shall file any evidence in its possession relevant to the issue of timeliness. The parties' submissions shall be filed to be *received* by **April 20, 2009**.

Hubbard did not reply to that directive.

By order dated April 24, 2009, the administrative judge dismissed the appeal. In his initial decision, which became final when Hubbard did not seek Board review of it, the administrative judge stated:

> I issued an order requiring the appellant to demonstrate that the appeal was timely filed or show good cause for its untimeliness . . . She did not file a response to the order. As the appeal appears to have been untimely, and she submitted no evidence demonstrating good cause for the delay, the appeal must be dismissed.

In a footnote, the administrative judge stated that he had "also ordered OPM to file any evidence in its possession relevant to the issue of timeliness," which it still had not done, but "[b]ecause the appellant herself [had] not attempted to demonstrate that the appeal should be considered timely filed, [did] not further pursue the matter with OPM."

## II

Hubbard contends that since the record does not show when she received OPM's order denying reconsideration,

the administrative judge had no basis for ruling that her appeal was untimely. She relies upon *Hamilton v. Merit Systems Protection Board*, 75 F.3d 639 (Fed. Cir. 1996), and *Williams v. Equal Employment Opportunity Commission*, 75 M.S.P.R. 144 (1997). In *Hamilton*, this court reversed a Board decision dismissing an appeal as untimely because the administrative judge had failed to tell the employee that he "simply presumed the appealed decision was received by the employee five days after the date it bears." 75 F.3d at 646–47. In *Williams*, the Board "adopt[ed]" "as standard procedure for all cases" this court's "statement[ ]" in *Hamilton* that "[b]efore dismissing an appeal, an administrative judge should inform an appellant of the date that a document triggering the running of the appeal period will be presumed to have been received, in the absence of direct evidence." 75 M.S.P.R. at 148.

In the present case, unlike *Hamilton*, nothing in the record indicates or even suggests that, in determining the timeliness of the appeal, the administrative judge relied on any presumption that the employee received OPM's decision within a specified time of mailing. To the contrary, it appears that the administrative judge dismissed the appeal as untimely solely because "the appellant herself has not attempted to demonstrate that the appeal should be considered timely filed." As the administrative judge's order told Hubbard, "[t]he appellant has the burden of proof, by a preponderance of the evidence, on the issue of timeliness. 5 C.F.R. § 1201.56(a)(2)(ii) (2008)."

The administrative judge's failure to inform the appellant of his "presumption" of five-day delivery was a critical factor in the *Hamilton* decision. As this court there stated:

> The AJ in this case had evidence only of
> the filing date, not the date of receipt

which started the period running. Before dismissal, the AJ could and should have asked both parties for such evidence. Further the AJ must then inform the parties of the dates on which the AJ intends to rely to support the dismissal. Only by knowing those dates before a final order is issued can an appellant make a meaningful response by way of either challenging the dates or showing good cause for the period of delay.

75 F.3d at 646. Here, as distinguished from *Hamilton* and *Williams* the administrative judge did not rely on any presumption, and therefore did not fail to inform Hubbard of the time frame upon which he would base his ruling whether the appeal was timely.

In any event, even if he had committed such an error, it was harmless. The administrative judge unequivocally instructed Hubbard to "file evidence and argument demonstrating that the appeal was timely filed or that good cause exists for the delay." Hubbard never responded to this order. Indeed, to this day she has not submitted any facts showing either that she filed within thirty days of receiving OPM's reconsideration decision or that there was good cause for her failure to do so. In the circumstances, the administrative judge could justifiably conclude that Hubbard could not factually support either such claim.

Hubbard contends that the administrative judge's order did not give her sufficient time to prepare an adequate response. She did not seek additional time to respond, however, or after the administrative judge had dismissed her appeal, seek rehearing on the basis of facts showing either timely filing or a good cause for her filing delay. This case thus sharply contrasts with *Hamilton* where, after the administrative judge had dismissed the

appeal as untimely, Hamilton submitted evidence that her appeal was timely (which the Board refused to consider).

Hubbard also contends that her medical problems precluded her from timely responding to the administrative judge's filing directive. This contention, however, appears undermined by the fact that, when shortly before that OPM initially rejected her disability retirement application and told her she could seek reconsideration within thirty days, she did so twenty days later. In any event, this contention should have been raised before the administrative judge, and not for the first time in this appeal.

This court has pointed out: "A petitioner who ignores an order of the Administrative Judge does so at his or her peril." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). Hubbard's failure even to respond to the administrative judge's order directing her to "file evidence and argument demonstrating that the appeal was timely filed or that good cause exists for the delay" justified the administrative judge's conclusion that her appeal was untimely and should be dismissed.

CONCLUSION

The order of the Board dismissing the appeal as untimely is

**AFFIRMED.**