NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CYNTHIA T. HOPSON,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3042

---

Petition for review of the Merit Systems Protection Board in No. AT0752110783-I-1.

---

Decided: May 10, 2013

---

CYNTHIA T. HOPSON, of Arlington, Tennessee, pro se.

SARAH B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were BRYAN G. POLISUK, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

## DECISION

Cynthia Hopson seeks review of a decision of the Merit Systems Protection Board dismissing her appeal as untimely. We affirm.

## BACKGROUND

Ms. Hopson worked for the Internal Revenue Service as a Tax Examining Technician in Memphis, Tennessee. On May 6, 2011, the IRS sent her a letter removing her from her position effective May 13, 2011. The letter set forth the basis for the removal, along with a detailed description of her various appeal rights. In particular, it explained that she could appeal to the Merit Systems Protection Board but that, "[t]o be timely, an appeal to the Board must be filed no later than 30 calendar days after the effective date, if any, of the action being appealed, or 30 calendar days after the date of receipt of the agency's decision, whichever is later."

Ms. Hopson signed the decision letter acknowledging her receipt of it on May 21, 2011. She then returned the signed letter to the IRS and wrote that she was "going to appeal." The returned letter bears a date stamp indicating that the IRS's Labor Relations Section in Memphis received it on June 10, 2011.

On July 5, 2011, Ms. Hopson electronically filed an appeal to the Board. In that filing, she stated that she had received the IRS's final decision letter on May 18, 2011. Because more than 30 days had passed between Ms. Hopson's receipt of the agency decision and the filing of her appeal, the IRS filed a motion with the Board's administrative judge arguing that the appeal was untimely and asking for an order requiring Ms. Hopson to ex-

plain why her appeal was not filed within the 30-day time limit.

The administrative judge issued an Order on Timeliness on November 25, 2011. The order explained that the 30-day period to file an appeal began on May 18, 2011—*i.e.*, the date on which Ms. Hopson said that she had received the IRS's letter—and that her filing of July 5, 2011, appeared to be 18 days late. The order directed Ms. Hopson to prove either that her appeal had, in fact, been filed on time or that good cause existed for the delay in her filing. She never responded to the order.

On January 25, 2012, therefore, the administrative judge dismissed the appeal as untimely. The administrative judge found that the appeal was due by June 20, 2011, at the latest and that Ms. Hopson had missed the deadline. The judge added that, because Ms. Hopson had submitted no evidence to explain the delay, she had failed to establish that there was good cause for her belated filing or that a waiver of the time limit was justified.

Ms. Hopson filed a petition for review with the Board in February 2012 and sent an additional submission the following month. The Board found that neither document addressed the timeliness issue. The Board therefore "agree[d] with the administrative judge that this appeal must be dismissed as untimely filed with no good cause shown," denied the petition for review, and affirmed the administrative judge's dismissal. Ms. Hopson appeals.

## DISCUSSION

Appeals from agency removal decisions generally must be filed within 30 days of the decision's effective date or the aggrieved party's receipt of the decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). A party that files too late, however, may avoid dismissal of the appeal upon showing "good reason" or "good cause" for the delay. *Id.* §§ 1201.12, 1201.22(c). But the appellant bears the

burden of establishing good cause to excuse an untimely filing, and "whether the regulatory time limit for an appeal should be waived based upon [such] a showing . . . is a matter committed to the Board's discretion." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc); *see also* 5 C.F.R. § 1201.56(a)(2)(ii).

We see no abuse of discretion in the Board's decision to dismiss Ms. Hopson's appeal as untimely. She never responded to the administrative judge's order to provide any justification she had for her delay, and the Board stated that her filings with the Board failed to address the timeliness issue. We have previously found that a "failure even to respond to the administrative judge's order directing [an appellant] to 'file evidence and argument demonstrating that the appeal was timely filed or that good cause exists for the delay' justified the administrative judge's conclusion that [the] appeal was untimely and should be dismissed." *Hubbard v. Merit Sys. Prot. Bd.*, 605 F.3d 1363, 1366 (Fed. Cir. 2010). We see no reason to reach a different result here.

Ms. Hopson's submissions to this court identify three sets of documents that she contends demonstrate the timeliness of her appeal or excusable delay for its untimeliness. We disagree. First, she points to several discovery filings from the end of 2011, including a deposition notice and a set of interrogatories, as evidence that her appeal was timely. But those papers establish only that the agency was proceeding with the initial phases of discovery while the Order on Timeliness remained pending. They do not establish that the appeal was timely filed or that Ms. Hopson had good cause for filing late. Indeed, on December 28, 2011, the agency postponed her scheduled deposition precisely because of her "apparent failure to respond" to the Order on Timeliness issued in November 2011.

Second, Ms. Hopson submits an October 2011 letter from the IRS to the administrative judge stating that the administrative judge's Acknowledgement Order, issued July 14, 2011, had been "misrouted" by the judge's office and thus arrived at the IRS Office of Chief Counsel late. Ms. Hopson argues that the letter proves that her *appeal* was misrouted and thus any untimeliness was not her fault. That letter, however, concerns only an order entered after the appeal was filed. It has nothing to do with the initial filing of her appeal on July 5, 2011, or its timeliness.

Finally, Ms. Hopson contends that she in fact filed her appeal on time. In support, she relies on a mailing she made to the IRS, not to the Board. Specifically, she observes that, after receiving the May 2011 removal letter, she sent back to the IRS her signed acknowledgement of receipt, in which she passingly stated that she intended to appeal, and the IRS received that acknowledgement by June 10, 2011—a date that is within the 30-day time period. But there is no indication that Ms. Hopson argued to the Board that this filing constituted a notice of appeal; indeed, the Board stated that she simply never responded to the administrative judge's order to show cause on timeliness and that she did not address timeliness in her two filings with the Board. In any event, a notice of appeal must be timely filed with the Board, not the employing agency, except where a complainant has filed "a timely complaint of discrimination" with the employing agency, which, if the complaint is a "formal" one, postpones filing with the Board until the agency has acted on the complaint or for 120 days. 5 C.F.R. § 1201.154. There is no indication that Ms. Hopson or the IRS, initially or later, treated her June 2011 mailing as a formal complaint of discrimination to the IRS, or that she argued to the Board that it was such a complaint. In these circumstances, we see no basis for finding an abuse of discretion in applying the usual rule

that the timeliness of her appeal was to be judged by the date on which it was filed with the Board—*i.e.*, July 5, 2011. That date fell outside the 30-day time period allowed for her appeal, and Ms. Hopson never provided good cause for her untimeliness.

## AFFIRMED

### COSTS

No costs.