# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHAWNTE' L. AARON,

          Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,

          Agency.

DOCKET NUMBER
DE-0845-14-0503-I-1

DATE: December 23, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charles L. Firestein</u>, Esquire, Scottsdale, Arizona, for the appellant.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal of an Office of Personnel Management (OPM) reconsideration decision as untimely filed without good cause. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    On April 10, 2014, OPM issued a reconsideration decision that denied the appellant's request for a waiver of an overpayment of annuity benefits under the Federal Employees' Retirement System (FERS). Initial Appeal File (IAF), Tab 4 at 6-10. On April 16, 2014, the appellant received the reconsideration decision, which informed her of her right to appeal the denial of her request to the Board within 30 days after the date of the decision, or 30 days after receipt of the decision, whichever is later.[2]  IAF, Tab 4 at 10-12. Sometime thereafter, the appellant erroneously filed a pro se appeal dated May 2, 2014, with OPM. IAF, Tab 1 at 1, 6. Based on the record, it is not clear when or how the appellant actually filed her appeal with OPM. On July 17, 2014, OPM forwarded the

---

[2] Although the appellant's appeal indicates that she received OPM's reconsideration decision on April 15, 2014, the U.S. Postal Service tracking confirmation indicates that it was delivered to the appellant on April 16, 2014. IAF, Tab 1 at 4, Tab 4 at 12.

appeal to the Denver Field Office where it was received on July 28, 2014. *Id.* at 1.

¶3    After OPM filed a motion to dismiss the appellant's appeal as untimely filed, the administrative judge issued a timeliness order informing the appellant that her appeal appeared to be untimely and directing her to file evidence and argument to prove either that her appeal was timely or that good cause existed for her untimely filing. IAF, Tab 4 at 4; IAF, Tab 5. The administrative judge further ordered OPM to submit evidence regarding the date it received the appellant's appeal. IAF, Tab 5 at 3. The appellant did not respond to the administrative judge's order. IAF, Tab 7, Initial Decision (ID) at 3. OPM filed a response indicating that it did not have a date-stamped document demonstrating when it received the appellant's appeal. IAF, Tab 6 at 3.

¶4    In an initial decision, issued without holding the appellant's requested hearing, the administrative judge dismissed the appellant's appeal as untimely filed without good cause for the delay. ID. The administrative judge found that the appellant failed to prove by preponderant evidence that she timely filed her appeal with OPM because she failed to respond to the timeliness order and the mere fact that her appeal is dated May 2, 2014, did not constitute preponderant evidence that it was timely mailed to OPM on that date. ID at 5.

¶5    The appellant, by counsel, has filed a petition for review in which she appears to argue that the administrative judge erred in dismissing her appeal as untimely filed because the fact that the appeal is dated May 2, 2014 alone was sufficient to establish that it was timely filed with OPM prior to the filing deadline of May 16, 2014. Petition for Review (PFR) File, Tab 1 at 7. OPM has filed a response in opposition to the appellant's petition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    Generally, an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the

appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). An appellant bears the burden of proof on the issue of timeliness. 5 C.F.R. § 1201.56(a)(2)(ii). If an appellant fails to timely submit her appeal, it will be dismissed as untimely filed absent a showing of good cause for the delay in filing. 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014). The Board has also found good cause for an untimely filing where an appellant mistakenly files an appeal of an OPM reconsideration decision with OPM instead of the Board when the following conditions are met: the delay was caused in part by the appellant's failure to follow the directions set forth in the reconsideration decision and in part by OPM's failure to direct an otherwise timely appeal to the Board; the appellant clearly intended to seek further review of the reconsideration decision; the appellant was pro se; and there was no showing of prejudice to OPM by granting the waiver. *See, e.g.*, *Mohammed v. Office of Personnel Management*, 108 M.S.P.R. 609, ¶ 10 (2008).

¶7        The appellant received OPM's reconsideration decision on April 16, 2014, and therefore had until May 16, 2014, to timely file an appeal. IAF, Tab 4 at 12. After a careful review of the record, we agree with the administrative judge that the appellant failed to establish that she timely filed her appeal with OPM. Although the appellant submitted an appeal dated May 2, 2014, there is no indication in the record that such a document was timely filed with OPM prior to May 16, 2014.

¶8        The administrative judge instructed the appellant to file evidence and argument demonstrating that the appeal was timely filed or that good cause existed for the delay; however, the appellant failed to respond to the order. IAF, Tab 5; ID at 5. Under these circumstances, the administrative judge properly dismissed the appeal as untimely filed. *See Hubbard v. Merit Systems Protection*

*Board*, 605 F. 3d 1363, 1365-66 (Fed. Cir. 2010) (finding the appellant's failure to respond to the administrative judge's order directing her to file evidence and argument demonstrating that her appeal was timely filed or that good cause existed for the delay justified the dismissal of the appeal as untimely filed).

¶9     On review, the appellant offers no explanation for her failure to respond to the administrative judge's August 22, 2014 order regarding the timeliness of her appeal. *See* PFR File, Tab 1; *see also* IAF, Tab 5; ID at 3. Nor does the appellant explain her failure to respond to OPM's submission arguing that her appeal was untimely filed. *See* PFR File, Tab 1; *see also* IAF, Tab 4 at 4; ID at 3. Finally, the appellant's only submission on review is a pleading by her representative; she does not provide a personal statement explaining her filing of the appeal. PFR File, Tab 1. The statements of a party's representative do not constitute evidence. *Marcantel*, 121 M.S.P.R. 330, ¶ 6 n. 1; *Santos v. U.S. Postal Service*, 77 M.S.P.R. 573, 577 (1998).

¶10    In any event, the appellant's petition for review fails to explain how and when she submitted her appeal to OPM. PFR File, Tab 1. The appellant's general assertions, which imply but do not specifically state that her appeal was mailed to OPM on May 2, 2014, offer no details concerning any such mailing and fall short of the standard of evidence required to establish that her appeal was timely filed with OPM. PFR File, Tab 1 at 7; *see, e.g.*, *Gaydon v. U.S. Postal Service*, 62 M.S.P.R. 198, 202-03 (1994) (the mere assertion that a pleading was prepared and mailed in a timely fashion without any specific details concerning such mailing is insufficient to show that the pleading was timely filed); *Bryant v. Department of the Navy*, 59 M.S.P.R. 70, 72 (1993) (an explanation of an untimely filing must contain specific evidence of when the submission was filed). Nor has the appellant provided any evidence, such as a mail confirmation or postage receipt, demonstrating that she timely mailed her appeal to OPM. *See Mohammed*, 108 M.S.P.R. 609, ¶ 6, 11-12 (finding good cause existed for the appellant's untimely appeal that was misfiled with OPM where she asserted that

she mailed her appeal to OPM within the filing period and submitted a postal receipt documenting her mailing to OPM). Thus, the appellant has failed to demonstrate that her appeal was timely, though mistakenly, filed with OPM.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.