# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

SANDI SWEETLAND,
            Appellant,

            v.

DEPARTMENT OF THE ARMY,
            Agency.

DOCKET NUMBER
CH-0752-15-0485-I-1

DATE: November 6, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sandi Sweetland, Davenport, Iowa, pro se.

Shannon McCurdy, Esquire, Rock Island, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed without good cause shown for the delay. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant held the position of Administrative Support Assistant in Rock Island, Illinois. Initial Appeal File (IAF), Tab 6, Subtab 4i. In January 2013, the agency removed her based upon charges of refusing to obey a direct order, absence without leave, and failure to follow leave request procedures. *Id*., Subtabs 4i, 4j, 4k, 4m.

¶3        Following her removal from service, the appellant filed a formal complaint of discrimination with the agency alleging, inter alia, that she was subjected to a hostile work environment and discrimination based on reprisal for prior equal employment opportunity activity when she was terminated. *Id.*, Subtabs 4f, 4g. The agency issued a final agency decision (FAD), dated February 6, 2015, finding no merit to the appellant's claims. *Id*., Subtab 4f. That decision included a notice concerning the appellant's Board appeal rights, including timeliness requirements. *Id*. at 22-23.

¶4        The appellant filed a Board appeal on May 20, 2015. IAF, Tab 1. Subsequently, the administrative judge issued an order advising that the appellant's appeal appeared untimely. IAF, Tab 3 at 1-2. The order instructed the appellant to meet her burden of proving that her appeal was timely filed or that good cause existed for its untimeliness. *Id*. at 2-4. It also instructed the

agency to submit any evidence it had pertaining to the appellant's timeliness. *Id.* at 4. The agency responded, IAF, Tab 6, but the appellant did not.

¶5 The administrative judge dismissed the appellant's appeal as untimely filed without good cause shown for the delay. IAF, Tab 7, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.[2] The agency has filed a response. PFR File, Tab 3.

¶6 An appellant bears the burden of proof regarding the timeliness of her appeal. 5 C.F.R. § 1201.56(b)(2)(i)(B). An appeal of an agency action generally must be filed no later than 30 days after the effective date of the action being appealed, or 30 days after the date of the receipt of the agency's decision, whichever is later. *Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶ 8 (2014); 5 C.F.R. § 1201.22(b). The procedures and filing deadlines for mixed cases, however, are somewhat different. *Miranne*, 121 M.S.P.R. 235, ¶ 8.

¶7 A mixed case arises when an appellant has been subject to an action that is appealable to the Board, and she alleges that the action was effected, in whole or in part, because of discrimination. *Id.* An appellant has two options when filing a mixed case: she may initially file a mixed-case complaint with the agency, followed by an appeal to the Board, or she may file a mixed-case appeal with the Board and raise her discrimination claim in connection with her appeal. *Id.*; 29 C.F.R. § 1614.302(b), (d); 5 C.F.R. § 1201.154(a). When an employee files a timely mixed-case complaint with the agency, her Board appeal must be filed with the Board within 30 days of her receipt of the agency's resolution or final decision on the discrimination issue. *Miranne*, 121 M.S.P.R. 235, ¶ 9; 29 C.F.R. § 1614.302(d)(3); 5 C.F.R. § 1201.154(b)(1); *see* 5 C.F.R. § 1201.154(b)(2) (alternatively, an employee may file her Board appeal if the agency has not resolved the employee's discrimination claim or issued its FAD on

[2] Because we find that the administrative judge properly dismissed the appeal as untimely filed with no good cause for the delay, we have not considered any of the appellant's arguments regarding the merits of her removal. *See* PFR File, Tab 1 at 5-7.

the discrimination issue within 120 days). If an appellant fails to file a timely appeal, she may establish good cause for the delay by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).

¶8        The FAD in this case is dated February 6, 2015. IAF, Tab 6, Subtab 4f at 1. The agency's evidence demonstrates that the appellant eventually received a copy of the FAD on April 22, 2015. IAF, Tab 6, Subtab 4d. If that date were controlling, the appellant's May 20, 2015 Board appeal would be timely. IAF, Tab 1 at 1; *see* 5 C.F.R. § 1201.154(b)(1). However, the agency presented argument and evidence that it had previously mailed the FAD to the appellant's address of record, and she failed to claim it, despite multiple notices. IAF, Tab 6, Subtab 1 at 3-5, Subtab 4e. Therefore, the agency asserted that the prior mailing should be controlling for purposes of establishing the timeliness of the appellant's Board appeal. IAF, Tab 6, Subtab 1 at 3-5; *see* 5 C.F.R. § 1201.22(b)(3) ("An appellant may not avoid service of a properly addressed and mailed decision by intentional or negligent conduct which frustrates actual service."). The administrative judge found that the appellant failed to rebut the agency's arguments and evidence, ID at 4-5, and we agree.

¶9        As previously mentioned, it was the appellant's burden to prove the timeliness of her appeal. 5 C.F.R. § 1201.56(b)(2)(i)(B). Despite the administrative judge's order to meet that burden, the appellant failed to respond. IAF, Tab 3. It is well established that "[a] petitioner who ignores an order of the [a]dministrative [j]udge does so at his or her peril." *Mendoza v. Merit Systems Protection Board*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc); *see Hubbard v. Merit Systems Protection Board*, 605 F.3d 1363, 1366 (Fed. Cir. 2010) (finding that an appellant's failure to respond to an administrative judge's timeliness order justified the conclusion that the appeal should be dismissed as untimely).

¶10       In her petition, the appellant concedes that the agency mailed the February 6, 2015 FAD to the proper address, but argues that delivery was delayed

due to a mistake by the U.S. Postal Service.  PFR File, Tab 1 at 4.  However, we will not address this argument, as it was raised for the first time on review.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (holding that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); *see also Goode v. Department of Health and Human Services*, 5 M.S.P.R. 191, 192 (1981) (denying a petition for review that asserted an appeal was actually timely filed and should not have been dismissed where the appellant failed to provide any reason for her failure to reply to a timeliness order below).  Accordingly, we affirm the dismissal of the appellant's appeal as untimely filed without good cause shown for the delay.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[3]

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

---

[3] The administrative judge afforded the appellant review rights to the U.S. Court of Appeals for the Federal Circuit.  ID at 10-11.  However, this is a mixed case requiring mixed-case review rights.  Therefore, we have provided the appellant the proper review rights here.  *See Kloeckner v. Solis*, 133 S. Ct. 596, 603-04 (2012); *Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 22 (2015).

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to

representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                                 _____
                                                William D. Spencer
                                                Clerk of the Board

Washington, D.C.