# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANGELA D. HAYDEN,
               Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,
               Agency.

DOCKET NUMBER
SF-0843-21-0521-I-1

DATE: February 27, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Angela D. Hayden</u>, Lancaster, California, pro se.

<u>Alison Pastor</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed as untimely filed her appeal from a final decision issued by the Office of Personnel Management (OPM). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        On May 1, 2021, OPM issued a final decision finding the appellant ineligible for survivor or death benefits under the Federal Employees' Retirement System (FERS) because of the death of her former spouse.  Initial Appeal File (IAF), Tab 1 at 10.  OPM's final decision notice advised that a Board appeal could be filed contesting the disposition within 30 calendar days after the date of the decision or 30 calendar days after receipt of the decision, whichever was later. *Id.*; *see* 5 C.F.R. § 1201.22(b).

¶3        On July 19, 2021, the appellant filed a Board appeal challenging OPM's final decision.[2]  IAF, Tab 1.  She indicated on her appeal form that she received the final decision on June 28, 2021.  *Id.* at 4.  The administrative judge issued orders informing the appellant that her appeal appeared to be untimely, apprising

---

[2] The appellant mailed her appeal, postmarked July 19, 2021, to OPM rather than the Board, and OPM forwarded the appeal to the Board.  IAF, Tab 1 at 1-2.  The appeal was docketed on August 23, 2021, and the Board acknowledged her filing date as July 19, 2021.  IAF, Tabs 1, 3.

her of her burden to prove timeliness, and seeking clarification as to when she received OPM's final decision. IAF, Tab 3 at 1-2, Tab 8 at 3-4. He also noted a discrepancy between the address listed for the appellant on OPM's decision and her Board appeal. IAF, Tab 8 at 4. Thus, he ordered her to file evidence and argument demonstrating that her appeal was timely filed or that good cause existed for her delay in filing. IAF, Tab 3 at 2-4; Tab 8 at 3-4. Without addressing when she received OPM's final decision, the appellant responded that she filed her appeal late because her father died and she had issues securing legal representation. IAF, Tab 4 at 3, Tab 9 at 2.

¶4      The administrative judge issued an initial decision, without holding the appellant's requested hearing, dismissing the appeal as untimely filed. IAF, Tab 1 at 3, Tab 12, Initial Decision (ID) at 1, 6. In so holding, the administrative judge reasoned that she failed to prove by preponderant evidence that she received OPM's final decision more than 5 days after its mailing. ID at 5. He also found that, absent any explanation that she pursued her appeal rights with due diligence and there were circumstances beyond her control, she failed to establish good cause to waive the filing deadline. *Id.*

¶5      The appellant has filed a timely petition for review.[3] Petition for Review (PFR) File, Tabs 1, 3. The agency filed a nonsubstantive response. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      The parties do not dispute the administrative judge's finding that the appeal was untimely filed, and we decline to disturb this finding on review.[4] PFR File,

---

[3] The appellant incorrectly asserts on review that she untimely filed her petition for review. Petition for Review (PFR) File, Tab 3 at 2. The initial decision indicated that it would become final on November 17, 2021, unless she filed a petition for review by that date. ID at 6. The appellant's petition for review is postmarked October 30, 2021, and the Board acknowledged that as the filing date. PFR File, Tab 1 at 16, Tab 2 at 1. Thus, her petition for review is timely filed.

Tab 3 at 2-3, 9, 13; ID at 1, 6. The appellant asserts on review that she does not believe the initial decision misapplied the law but that she would not know. PFR File, Tab 3 at 3. Instead, she appears to argue that the administrative judge erred in declining to find good cause for her untimely filing. ID at 5-6; PFR File, Tab 3 at 2-3, 9, 13. For the reasons explained below, we disagree.

The administrative judge correctly found that the appellant untimely filed her appeal.

¶7     An appellant bears the burden of proving by preponderant evidence that her appeal has been timely filed. 5 C.F.R. § 1201.56(b)(2)(i)(B). The Board's regulations provide that an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency decision, whichever is later. *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 13 (2016); 5 C.F.R. § 1201.22(b)(1). In the absence of evidence to the contrary, an appellant is presumed to have received an agency's final decision 5 calendar days after the decision was issued. *Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 7 (2007). Here, the administrative judge found that the appellant failed to rebut the presumption that she received the final decision letter 5 days after the agency placed it in the mail stream. ID at 5. We agree.

¶8     The date of the letter advising the appellant of the agency's decision finding her ineligible for FERS survivor or death benefits was May 1, 2021. IAF, Tab 1 at 10. She claimed on the appeal form that she received the decision letter on June 28, 2021, fifty-nine days after its issuance. IAF, Tab 1 at 4. On August 26 and September 28, 2021, the administrative judge ordered the appellant to file

---

[4] Although the appellant claims that she received documents after the due date because of an incorrect mailing address, PFR File, Tab 1 at 9, 13, she is not addressing her receipt of OPM's final decision. Instead, it appears that she is conflating the October 12, 2021 filing deadline in the administrative judge's order dated September 28, 2021, and initial decision dated October 13, 2021, that she received on October 15, 2021. *Id.* at 14; ID at 1; IAF, Tab 13.

evidence and argument showing either that her appeal was timely filed or that good cause existed for the delay. IAF, Tabs 3, 8. The administrative judge acknowledged that she indicated that she received the final decision late, there were discrepancies in her mailing address, and she addressed the good cause for her delay. ID at 5; IAF, Tab 8 at 3-4. However, he requested additional details and evidence to prove when she received the decision. IAF, Tab 8 at 4. The appellant, however, resubmitted her previous response that only addressed the good cause for her delay and not when she received the final decision. IAF, Tab 9. Therefore, the appellant cannot meet her burden on timeliness. *Hubbard v. Merit Systems Protection Board*, 605 F.3d 1363, 1366 (Fed. Cir. 2010) (finding that the pro se appellant's failure to respond to an order "directing her to 'file evidence and argument demonstrating that the appeal was timely filed or that good cause existed for the delay' justified the administrative judge's conclusion that her appeal was untimely and should be dismissed"). Thus, the administrative judge properly presumed that she received the final decision on May 6, 2021. ID at 5. Consequently, the deadline for filing this appeal was June 7, 2021.[5] *See* 5 C.F.R. § 1201.22(b). The appellant filed her appeal on July 19, 2021, approximately 42 days late. IAF, Tab 1. Therefore, we discern no basis to disturb the administrative judge's finding that the appeal was untimely filed.

The appellant has not established good cause for her untimeliness.

¶9    As the administrative judge correctly noted, an untimely appeal will be dismissed as untimely filed unless good cause for the delay is shown, and the appellant has the burden of establishing by preponderant evidence that her appeal was timely filed or that good cause existed for the belated filing. 5 C.F.R. §§ 1201.22(c), 1201.56(2)(i)(B). To establish good cause for the untimely filing

---

[5] The 30th day from May 6, 2021, was Saturday, June 5, 2021. Thus, to be timely, the appellant's appeal had to be filed by Monday, June 7, 2021. *See* 5 C.F.R. § 1201.23.

of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Pirkkala*, 123 M.S.P.R. 288, ¶ 13. To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶10  Applying the relevant factors set forth in *Moorman*, we find that the appellant has not made a showing of good cause. Although the appellant was pro se, a 42-day delay in filing is significant. *Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶ 8 (2008) (finding a pro se appellant's delay of more than 1 month significant). Further, we find that the appellant's inability to secure an attorney is not good cause for an untimely filing. IAF, Tab 4 at 3, Tab 9 at 2; *see Houghton v. Department of the Army*, 55 M.S.P.R. 682, 684 (1992) (finding the inability to secure legal counsel does not establish good cause for an untimely filing).

¶11  The appellant also reasserts on review that the death of her father and her subsequent grief were factors in her untimeliness and constitute good cause. PFR File, Tab 4 at 1-2; IAF, Tab, 4 at 3, Tab 9 at 2. Specifically on review she claims that "[she] was a mental wreck. . . .[and] incapacitated for 6 weeks and incapable of dealing with anything else." PFR File, Tab 3 at 3. However, she also states on review that her father died on July 16, 2021, which was 39 days after the filing deadline and just 3 days before she filed her appeal. PFR File, Tab 3 at 13; IAF, Tab 1 at 2. While we are sympathetic toward her situation, her father's death and her subsequent grief does not show how the appellant was unable to meet the June 7, 2021 filing deadline. Thus, under the circumstances of

this case, we find that the appellant has failed to show that she exercised due diligence or ordinary prudence that would justify waiving the filing deadline.

¶12    Accordingly, we deny the appellant's petition for review and affirm the initial decision, which dismissed her appeal as untimely filed without good cause shown.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.