# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEAN THAP,

      Appellant,

      v.

SOCIAL SECURITY
  ADMINISTRATION,

      Agency.

DOCKET NUMBER
DE-3443-16-0037-I-1

DATE: June 24, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Steve Aman, San Tan Valley, Arizona, for the appellant.

Lara A. Bradt, Esquire, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to supplement the administrative judge's jurisdictional analysis and clarify the basis for finding that the Board lacks jurisdiction over the appeal, we AFFIRM the initial decision.

## BACKGROUND

¶2      Effective July 27, 2014, the agency appointed the nonpreference-eligible appellant to an excepted service Claims Representative position under the Pathways Recent Graduates Program (the Recent Graduates Program), pursuant to 5 C.F.R. § 213.3402(b).[2] Initial Appeal File (IAF), Tab 4 at 42. The appointment was not to exceed 2 years, with the potential for an agency-approved extension of up to 120 days, and the entire duration of the appointment was a trial period. *Id*.; *see* 5 C.F.R. § 362.303(f) (providing that the duration of a Recent Graduates appointment in the excepted service is a trial period). The agency had the option to noncompetitively convert the appellant to a permanent position upon satisfactory completion of the Recent Graduates Program. IAF, Tab 4 at 42; 5 C.F.R. § 362.305(a) (setting forth the circumstances under which an agency

---

[2] The Pathways Programs are authorized under Executive Order 13,562, and are an exception to the competitive hiring rules for certain positions in the Federal civil service. *See* Exec. Order No. 13,562, 75 Fed. Reg. 82,585 (Dec. 27, 2010).

may noncompetitively convert a Recent Graduate to a competitive service term or permanent position).  However, on September 24, 2015, approximately 1 year and 2 months after his appointment, the agency terminated the appellant during his trial period based on alleged unsatisfactory performance and attendance issues. IAF, Tab 1 at 8, Tab 4 at 38.

¶3        The appellant filed a timely Board appeal, in which he challenged the merits of his termination, and requested a hearing.  IAF, Tab 1 at 2, 4, 6.  In an acknowledgment order, the administrative judge informed the appellant that the Board may not have jurisdiction over the appeal, and notified the appellant of the requirements for establishing that he was an "employee" with 5 U.S.C. chapter 75 appeal rights.  IAF, Tab 2 at 2–5.  The order directed the appellant to file evidence or argument raising a nonfrivolous allegation of jurisdiction over his appeal within 15 days. *Id*. at 5.  The appellant failed to respond to the order, or to the agency's motion to dismiss the appeal for lack of jurisdiction.  IAF, Tab 4 at 6-9.

¶4        Thereafter, without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 5, Initial Decision (ID).  He found that, in failing to submit evidence and argument in support of jurisdiction, the appellant conceded that he could not establish jurisdiction over the appeal.  ID at 3.

¶5        The appellant has filed a petition for review of the initial decision, and the agency has opposed the petition for review. Petition for Review (PFR) File, Tabs 1, 3.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶6        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An appellant who makes a nonfrivolous allegation of jurisdiction is entitled to a hearing at which he must

then prove jurisdiction by a preponderance of the evidence. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); *see* 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶7        Although not raised by the appellant on review, we find that the administrative judge erred in dismissing the appeal for lack of jurisdiction based on the appellant's "concession" in failing to respond to the acknowledgment order, without any further analysis of whether the appellant raised a nonfrivolous allegation of jurisdiction over the appeal. ID at 3. In so doing, the administrative judge cited *Hubbard v. Merit Systems Protection Board*, 605 F.3d 1363, 1365 (Fed. Cir. 2010), a decision addressing whether an appellant established that her appeal was timely filed or that good cause existed for her filing delay. Here, however, the pertinent issue is jurisdiction, rather than timeliness, and a finding of jurisdiction, or a lack thereof, is a legal conclusion that is not subject to stipulation or concession by the parties. *See Roche v. Department of Transportation*, 110 M.S.P.R. 286, ¶ 11 (2008) (finding that an agency's assertion that the Board had jurisdiction over an appeal did not relieve the Board of the responsibility of making its own determination on the subject), *aff'd*, 596 F.3d 1375 (Fed. Cir. 2010); *McCarty v. Environmental Protection Agency*, 108 M.S.P.R. 45, ¶ 10 (2008) (finding that an agency's concession that the Board had jurisdiction over an appeal had no legal effect because a finding of jurisdiction is a legal conclusion not subject to stipulation by the parties); *see also Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010) (finding that the issue of the Board's jurisdiction is always before the Board, and it may be raised by either party or sua sponte by the Board at any time).

¶8        However, we find that the administrative judge's error was not prejudicial to the appellant's substantive rights, because based on our review of the parties' submissions below and on review, the appellant failed to raise a nonfrivolous allegation of jurisdiction over his appeal. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not

prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶9        As a nonpreference eligible in the excepted service, the appellant was entitled to appeal to the Board if, at the time of his termination, he was an "employee" under 5 U.S.C. § 7511(a)(1)(C).  *Martinez v. Department of Homeland Security*, 118 M.S.P.R. 154, ¶ 5 (2012); *Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶ 8 (2005).  That section defines an employee as an individual who (1) is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (2) has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.  5 U.S.C. § 7511(a)(1)(C)(i)-(ii).

¶10        We find that the appellant failed to raise a nonfrivolous allegation that he is an employee under 5 U.S.C. § 7511(a)(1)(C)(i), because even assuming that he was serving under an initial appointment pending conversion to the competitive service, he failed to nonfrivolously allege that he was not serving a trial period at the time of his termination.  *See Martinez*, 118 M.S.P.R. 154, ¶ 6.  The agency terminated the appellant after approximately 1 year and 2 months of his Recent Graduates Program appointment of up to 2 years and 120 days, the entire duration of which was a trial period.  IAF, Tab 4 at 38, 42, Tab 1 at 8.  Furthermore, the appellant failed to nonfrivolously allege, either below on review, that he had prior service that could be tacked on to his Recent Graduates Program service so as to complete his trial period.  IAF, Tab 1; PFR File, Tab 1; *see McCrary v. Department of the Army*, 103 M.S.P.R. 266, ¶¶ 9-15 (2006) (finding that an individual whose excepted service Federal Career Intern Program appointment was terminated during its 2-year trial period had appeal rights under section 7511(a)(1)(C)(i) because she was entitled to credit toward completion of the trial period based on her prior service).

¶11      Likewise, based on our review, the record does not indicate that the appellant had prior service that could be tacked on to complete his trial period. An individual's prior service may be tacked toward the completion of a trial period in the excepted service where the prior service was:  (1) performed in the same agency; (2) performed in the same line of work; and (3) completed with no more than 1 break in service of less than 30 days.  *Martinez*, 118 M.S.P.R. 154, ¶ 6.    Here, the Standard Form 50 (SF-50) documenting the appellant's appointment to the Claims Representative position reflects a service computation date of May 31, 2014, approximately 2 months prior to his Recent Graduates Program appointment to the Claims Representative Position.  IAF, Tab 4 at 42. However, even assuming that the appellant served in another position that qualified for tacking for approximately 2 months, these additional 2 months of service would be insufficient to complete his trial period, which was at least 2 years.  *Id*.  The agency also submitted SF-50s indicating that the appellant had approximately 2 months of prior service with the agency between January 26, 2014, and March 22, 2014, under a term appointment to a part-time Personal Assistant position.  IAF, Tab 4 at 48, 52.  However, this service cannot be tacked towards the completion of the appellant's trial period, because there was a break in service of greater than 30 days.  IAF, Tab 42, 48; *see Martinez*, 118 M.S.P.R. 154, ¶ 6.  For this reason, and for the reasons discussed above, the appellant failed to nonfrivolously allege that he is an employee under 5 U.S.C. § 7511(a)(1)(C)(i).

¶12      Similarly, we find that the appellant failed to nonfrivolously allege that he qualifies as an employee under 5 U.S.C. § 7511(a)(1)(C)(ii).  The appellant has not alleged, either below or on review, that he had 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.  IAF, Tab 1, PFR File, Tab 1; *see* 5 U.S.C. § 7511(a)(1)(C)(ii).  Moreover, our review of the record does not reflect that the appellant had such service.  IAF, Tab 4.

¶13 For the first time on review, the appellant contends that his appointment under the Recent Graduates Program did not begin until May 27, 2015, and that he served in the Claims Representative position under another unspecified appointment between July 2014 and his Recent Graduates Program appointment. PFR File, Tab 1 at 4. Based on these alleged facts, the appellant contends that the Board has jurisdiction over his appeal. *Id.* He does not explain his failure to respond to the acknowledgment order or the agency's motion to dismiss below. PFR File, Tab 1. Nevertheless, because the appellant alleges that his new argument implicates the Board's jurisdiction over the appeal, and the issue of jurisdiction is always before the Board and may be raised by any party or sua sponte by the Board at any time during a Board proceeding, we will consider it. *See Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003). Even assuming that, contrary to the appellant's SF-50 in the record below, IAF, Tab 4 at 42, his appointment under the Recent Graduates Program did not begin until May 27, 2015, this would fail to raise a nonfrivolous allegation that he qualified as an employee under 5 U.S.C. § 7511(a)(1)(C)(i) or (ii). Therefore, we find that the appellant's new argument on review does not raise a nonfrivolous allegation of jurisdiction over his appeal.

¶14 In sum, for the reasons discussed above, we affirm the initial decision dismissing the appellant's appeal for lack of jurisdiction, as modified to clarify that the appeal is dismissed on the ground that the appellant failed to raise a nonfrivolous allegation of jurisdiction over the appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.